Filed 10/3/14  P. v. Rosas CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C074861 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF111674) |
| v. | |
| MIGUEL ANGEL HUERTA ROSAS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant Miguel Angel Huerta Rosas pleaded no contest to second degree murder. (Pen. Code, §§ 187, subd. (a), 189.)[2] In exchange, a gang enhancement (§ 186.22, subd. (b)(1)(C)) and a count of street gang participation (§ 186.22, subd. (a)) were dismissed. Defendant waived preparation of a probation report and requested immediate sentencing.

Defendant was sentenced to prison for 15 years to life, awarded 759 days' custody credit and no conduct credit, and ordered to pay a $5,000 restitution fine (§ 1202.4), a $5,000 restitution fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). The last two items were described orally as "a $70 conviction assessment."

Defendant obtained a certificate of probable cause.

On July 24, 2011, defendant and two companions, Carlos Flores and Hector Baca, arrived at a Sutter County convenience store and gas station. The victim, Isaias Herrejon, arrived at the store around the same time. Herrejon purchased beer and Baca purchased a cigar. All four men left the store.

Defendant and his companions were members of the Surenos criminal street gang. While enroute to the store, Flores had criticized defendant for being insufficiently active within the gang.

Evidently in response, defendant and Baca called out to Herrejon and asked him if he belonged to a street gang. Herrejon said that he did not belong to a gang.

Defendant began to pursue Herrejon. Flores soon joined defendant in the pursuit. According to eyewitnesses, the pursuit extended around the store's exterior. An

---

[1] The summary of facts is taken from the preliminary hearing transcript.

[2] Undesignated statutory references are to the Penal Code in effect at the time of defendant's crimes.

eyewitness thought that they were fighting, in that the trio of males was beating on the victim and "pulling on him."

Defendant chased Herrejon and attacked him with a knife. Defendant then put the knife in his pocket. Herrejon was bleeding from his chest. Herrejon entered his car, then got back out, and then collapsed.

Defendant and his companions left the area in their car.

Paramedics soon arrived. Herrejon was pronounced dead at the scene of the attack.

Detectives identified defendant from the convenience store's surveillance video. When police detained him at his place of employment, defendant admitted that he was "a southerner" or Sureno gang member. Defendant had a large cut on his index finger. Defendant's employer told authorities that the injury was not work related. A warrant search of defendant's residence yielded blood stained shoes and clothing. The search also yielded a handgun, a knife, and gang-related photographs and apparel.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

                                            MURRAY , J.

We concur:

NICHOLSON , Acting P. J.

DUARTE , J.

4